# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2855SD

_____

United States of America,

       Appellee,

     v.

R. J. S., Jr.,

       Appellant.

\*
\*
\*
\*
\*  On Appeal from the United
\*  States District Court
\*  for the District of
\*  South Dakota.
\*
\*
\*

_____

Submitted:  February 10, 2004

Filed:  May 6, 2004

_____

Before RILEY and RICHARD S. ARNOLD, Circuit Judges, and HOVLAND,[1] Chief District Judge.

_____

RICHARD S. ARNOLD, Circuit Judge.

R. J. S., Jr., a juvenile, was convicted of violating 18 U.S.C. § 844(e) for his use of a telephone to communicate a false threatening message.  He was sentenced to two years' probation.  On appeal, defendant argues that the telephone call was a wholly intrastate activity and, therefore, that Congress had no power to regulate it under the Commerce Clause.  We reject this argument and affirm the judgment of the

---

[1]The Hon. Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota, sitting by designation.

District Court.[2]  We hold that the commerce power reaches wholly intrastate telephone calls, so long as the calls are made with telephones connected to an interstate telephone system.

On February 10, 2003, the Pine Ridge School placed R. J. S., Jr., and two other students in the school's detention room, which is equipped with a telephone connected to a ten-digit interstate number.  At approximately 11:15 a.m., a call was made from the detention-room telephone to the school secretary's telephone, which is connected to a separate ten-digit interstate number.  A school counselor answered the call to the secretary's telephone and heard R. J. S., Jr., threaten to blow up the building.

Defendant argues that the telephone he used to communicate the threat falls outside the legitimate scope of 18 U.S.C. § 844(e)  because the call was placed and received within the school and, therefore, it did not require the use of an interstate telephonic system.  We disagree.  Under the plain language of § 844(e), defendant need only use an "instrument of interstate commerce" to establish a sufficient nexus to interstate commerce.  We have previously held that a telephone, regardless of whether it is used to make an interstate or intrastate call, is an instrument of interstate commerce.  See United States v. Corum, ___ F.3d ___, ___, 2004 WL 718930 (8th Cir. 2004) (holding that the intrastate use of a telephone to communicate bomb threats to three houses of worship satisfies the interstate-commerce element of 18 U.S.C. § 844(e)), and Myzel v. Fields, 386 F.2d 718, 727-28 (8th Cir. 1967) (holding that the intrastate use of a telephone to violate federal securities laws satisfies the interstate-commerce element of the Securities Exchange Act of 1934).  Other Circuits that have addressed this issue have ruled similarly.  See United States v. Marek, 238 F.3d 310, 318 n.35 (5th Cir. 2001); United States v. Gilbert, 181 F.3d 152, 158 (1st Cir. 1999);

---

[2]The Hon. Richard H. Battey, United States District Judge for the District of South Dakota.

<u>United States v. Weathers</u>, 169 F.3d 336, 341 (6th Cir. 1999); and <u>United States v. Clayton</u>, 108 F.3d 1114, 1117 (9th Cir. 1997).

Regardless of whether the call defendant made within the school required the use of an interstate telephonic system, both telephones were connected to an interstate telephonic system. Both were connected to separate ten-digit interstate numbers. In addition, defendant's call made both telephones unavailable to outside, interstate contact. Thus, we hold that the telephone defendant used to communicate the threat was an instrument of interstate commerce as that phrase is used in § 844(e). It was therefore subject to federal regulation and protection, <u>United States v. Lopez</u>, 514 U.S. 549, 558 (1995), and therefore was within the power of Congress to regulate under the Commerce Clause.

The judgment of the District Court is affirmed.

_____